**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SHARON FRAZIER**                                                     **PLAINTIFF**

**V.**                                                **CAUSE NO.: 1:09CV73-SA-JAD**

**WAL-MART STORES, INC.**                                            **DEFENDANT**

**<u>MEMORANDUM OPINION</u>**

Plaintiff filed this action seeking damages sustained as a result of a slip and fall in the Iuka Wal-Mart. The Complaint alleges that Plaintiff slipped in a puddle of water located in the one of the aisles.

Defendant has filed a Motion for Summary Judgment [28]. After reviewing the motion, response, rules, and authorities, the Court finds as follows:

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." <u>Id</u>. at 324, 106 S. Ct. 2548. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. <u>TIG Ins. Co. v. Sedgwick James of Wash.</u>, 276 F.3d 754, 759 (5th Cir. 2002); <u>SEC v. Recile</u>, 10 F.3d 1093, 1097 (5th Cir. 1997); <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F.3d at 1075.

*Discussion and Analysis*

In Mississippi, a plaintiff may espouse one of three theories in support of a claim of premises liability: (1) that defendant's own negligence created a dangerous condition which caused plaintiff's injury; (2) that defendant had actual knowledge of a condition which defendant itself did not cause, but defendant failed to adequately warn plaintiff of the danger she faced as an invitee; or (3) that, based upon the passage of time, defendant should have known of the dangerous condition caused by another party if defendant had acted reasonably, i.e., constructive knowledge of the condition should be imputed to defendant. K-Mart Corp. v. Hardy, 735 So. 2d 975, 980 (Miss. 1999) (citing Downs v. Choo, 656 So. 2d 84, 86 (Miss. 1995)).

Plaintiff complains that a Wal-Mart employee caused the water spill; or alternatively, the same Wal-Mart employee should have noticed the water present and taken steps to make the aisle safe.

In order to prevail on a negligence claim, a plaintiff must prove by a preponderance of the evidence each element of negligence: duty, breach of duty, proximate causation, and injury. Lovett v. Bradford, 676 So. 2d 893, 896 (Miss. 1996) (citing Palmer v. Anderson Infirmary Benev. Ass'n, 656 So. 2d 790, 794 (Miss. 1995)). Mississippi law imposes upon a business owner or operator a duty to the invitee to keep its premises in a reasonably safe condition and to warn of dangerous conditions which are not readily apparent to the invitee. Munford, Inc. v. Fleming, 597 So. 2d 1282,

2

1284 (Miss.1992); Jerry Lee's Grocery, Inc. v. Thompson, 528 So. 2d 293, 295 (Miss.1988). "[N]egligence may be established by circumstantial evidence in the absence of testimony by eyewitnesses provided the circumstances are such as to take the case out of the realm of conjecture and place it within the field of legitimate inference." K-Mart Corp., 735 So. 2d at 981 (citing Downs, 656 So. 2d at 90). No proof of the operator's knowledge of the condition is necessary where the condition is created by his negligence or the negligence of someone under his authority. Douglas v. Great Atlantic & Pac. Tea Co., 405 So. 2d 107, 110 (Miss.1981).

Defendant filed its Motion for Summary Judgment and attached the sworn affidavit of John Prine, an associate at Wal-Mart working on August 2, 2007. Mr. Prine stated that "[i]mmediately prior to Mrs. Frazier's accident, I walked the aisle where Mrs. Frazier fell looking to see if there was a need to replenish the merchandise on the water shelves." Plaintiff contends that Prine's admission that he checked the water shelves is enough to raise an inference of negligent conduct on his part.

The Court finds instructive two district court cases faced with similar circumstances under Mississippi's premises liability law. In Harrison v. Dolgencorp, Inc., the plaintiff slipped and fell on pine oil leaking from a bottle in another patron's shopping cart. 2008 U.S. Dist. Lexis 92617, *1-2 (S.D. Miss. Nov. 14, 2008). The court noted that "[a]fter examining the evidence presented by the parties, the Court finds nothing indicating that the spill was due to any act or conduct of the operator or employees of Dolgencorp." Id. at *4. Summary judgment was granted in favor of the defendant because the plaintiff failed to provide any evidence that any employee of the defendant caused the pine oil to be on the floor. Id. at *5. The court held that "[t]he evidence produced in this case is not sufficient to take it out of the realm of conjecture and place it within the field of legitimate inference." Id. (citing Criss v. Lipscomb Oil Co., 990 So. 2d 771, 773 (Miss. Ct. App. 2008)).

3

Further, the plaintiff failed to show that there was a question of material fact for the jury as to the defendant's negligence.

Likewise, in Jordan v. Wal-Mart Stores, the district court granted summary judgment because the plaintiff failed to present evidence of negligence on the defendant's part. 2009 U.S. Dist. Lexis 30836, *10 (S.D. Miss. Apr. 10, 2009). The district court held:

> The law of premises liability has developed to the point that it is next to impossible for one injured in a slip and fall accident to prove negligence on the part of the owner in the absence of direct action by the owner. . . . In order to answer the question [of whether the defendant caused the plaintiff's injuries] . . ., it is incumbent upon the plaintiff to offer proof of a genuine issue of material fact that requires resolution by the trier of fact in order to defeat summary judgment.

Id. at *11. Moreover, "[t]he fact that the Plaintiff suffered injuries as a result of a slip-fall on the Defendant's premises is not decisive to the issue of whether the Defendant committed a negligent act." Id. at *10 (quoting Dickens v. Wal-Mart Stores, Inc., 841 F. Supp. 768, 770 (S.D. Miss. 1994); Kroger, Inc. v. Ware, 512 So. 2d 1281, 1282 (Miss. 1987)). The court concluded that the plaintiff failed to meet her burden on summary judgment.

Plaintiff has presented no evidence that Wal-Mart's conduct caused liquid to be in the aisle. Plaintiff has offered no theories about how the water ended up on the floor. The mere fact that water was present on the floor, and that Plaintiff slipped in it and fell does not suffice to establish a breach of duty because the doctrine of *res ipsa loquitur* is inapplicable in cases such as this. Hardy v. K-Mart Corp., 669 So. 2d 34, 38 (Miss. 1996) (citing Douglas, 405 So. 2d at 111). Therefore, Plaintiff's conjecture on this issue does not amount to evidence sufficient to withstand summary judgment. See Leigh v. Wal-Mart Stores, Inc., 95 F.3d 47, *1 (5th Cir. 1996).

Plaintiff alternatively argues that Wal-Mart should have known that the water was in the floor

4

and warned Plaintiff. There has been no evidence presented that Wal-Mart or any of its employees knew of the spilled liquid. To the contrary, John Prine testified that he walked down the very aisle Plaintiff slipped in one minute prior to her fall and did not notice any liquid on the floor. Additionally, there is no evidence tending to prove how long the water had been on the floor when Plaintiff slipped in it. To establish a negligence claim in a slip and fall case, proof that the liquid's presence on the floor for a sufficient amount of time to give reasonable notice to the proprietor is required. B.C. Waller v. Dixieland Food Stores, Inc., 492 So. 2d 283, 286 (Miss. 1986) (citing Douglas, 405 So. 2d at 111).

The only time frame offered for purposes of this pretrial motion is that John Prine personally inspected the aisle one minute prior to Plaintiff's fall. Plaintiff does not dispute this statement. Plaintiff did not observe footprints, track marks, or buggy tracks in the water either before or after her fall. Nor has she presented any other indication of how long the liquid was in the aisle prior to the incident.

Wal-Mart's "only duty is to 'eradicate the known dangerous situation within a reasonable time or exercise reasonable diligence in warning those who were likely to be injured because of the danger.'" Caruso v. Picayune Pizza Hut, Inc., 598 So. 2d 770, 773 (Miss. 1992) (quoting J.C. Penney Co. v. Sumrall, 318 So. 2d 829, 832 (Miss. 1975). A one minute lapse between inspection and the fall is not sufficient to establish that Wal-Mart had constructive knowledge of the liquid's presence. In fact, the Mississippi Supreme Court has held that a four to five hour lapse between inspection and the incident does not establish constructive notice of the spill. See Hardy, 669 So. 2d at 39; Munford, Inc. v. Fleming, 597 So. 2d 1282, 1285 (Miss. 1992); Waller, 492 So. 2d at 286. Accordingly, Plaintiff's claim as to constructive knowledge fails as well.

Defendant's Motion for Summary Judgment is GRANTED, and the case is DISMISSED.

SO ORDERED, this the 17th day of May, 2010.

               **/s/ Sharion Aycock**
               **U.S. DISTRICT JUDGE**